**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-2094**

---

ANNETTE TURNER,

        Plaintiff – Appellant,

v.

WAL-MART ASSOCIATES, INC.; WAL-MART, INC.,

        Defendants – Appellees.

---

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Donald C. Coggins, Jr., District Judge.  (3:21-cv-01646-DCC)

---

Submitted: January 16, 2025                      Decided:  July 22, 2025

---

Before AGEE and RICHARDSON, Circuit Judges, and NACHMANOFF, District Judge

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:**  David A. Nauheim, Joshua T. Mangan, NAUHEIM LAW OFFICE, LLC, Charleston, South Carolina, for Appellant.  Kristin S. Gray, Spartanburg, South Carolina, Elizabeth M. Rodriguez, FORD & HARRISON LLP, Miami, Florida, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Annette Turner worked for Wal-Mart, beginning as a stocker in 2016. During her tenure, Turner suffered from neuropathy, asthma, and gestational hypertension (related to her pregnancy in 2019). Turner alleges that over the course of a few years, she was mistreated—both by Wal-Mart, and by her supervisors and colleagues. So Turner sued Wal-Mart on various employment law theories. She brought eight claims in state court. First, pregnancy discrimination under Title VII. Second, for a hostile work environment under Title VII. Third, for failure to accommodate under the Americans with Disabilities Act ("ADA"). Fourth, for wrongful termination under the ADA. Fifth, for a hostile work environment under the ADA. Sixth, for pregnancy discrimination under S.C. Code Ann. § 1-13-30. Seventh, for retaliatory action under the Family and Medical Leave Act ("FMLA"). And eighth, for interference under the FMLA.

Wal-Mart removed this case, and the district court granted summary judgment for Wal-Mart in September 2023. We review *de novo* and affirm on all counts. *See Roe v. Doe*, 28 F.3d 404, 406–07 (4th Cir. 1994).[1]

We begin with Turner's claims for wrongful termination under the ADA and for retaliatory termination under the FMLA. Both claims are governed by the *McDonnell Douglas* burden-shifting framework. *See Cline v. Wal-Mart Stores, Inc.*, 144 F.3d 294,

---

[1] We do not address every claim. Her claim under S.C. Code Ann. § 1-13-30 was dismissed below, and Turner has waived any challenge to that dismissal on appeal. For the same reason we also decline to address her claim for interference under the FMLA.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

2

303 (4th Cir. 1998) (ADA claims); *Yashenko v. Harrah's NC Casino Co.*, 446 F.3d 541, 550–51 (4th Cir. 2006) (FMLA claims).  To bring a claim under the FMLA, *McDonnell Douglas* requires an employee to first make a *prima facie* showing "that he engaged in protected activity, that the employer took adverse action against him, and that the adverse action was causally connected to the plaintiff's protected activity." *Yashenko*, 446 F.3d at 551 (quoting *Cline*, 144 F.3d at 301).  In the context of an ADA claim for wrongful termination, the *prima facie* showing requires an employee to demonstrate "that (1) he was a qualified individual with a disability; (2) he was discharged; (3) he was fulfilling his employer's legitimate expectations at the time of discharge; and (4) the circumstances of his discharge raise a reasonable inference of unlawful discrimination. *Reynolds v. Am. Nat. Red Cross*, 701 F.3d 143, 150 (4th Cir. 2012) (cleaned up).  Here the district court found that Turner did not make a *prima facie* case because there was no material fact dispute about causation.  Because both her FMLA and ADA claims require a showing of causation, and because we agree with the district court, her claims fail together.

Turner alleges that she was fired for being pregnant, as well as for filing complaints. But we agree with the district court that no reasonable factfinder could conclude that to be true.  Turner learned of her pregnancy in early 2019.  While she filed complaints and alleges mistreatment during her pregnancy, she was not fired during it.  *Compare* J.A. 1690 (gave birth in September/October 2019), *with* J.A. 454 (terminated April 5, 2020).  But immediately before she was fired, she missed three weeks of work without following the proper procedures to get leave.  Not only does the length of the temporal gap suggest that the termination was not connected to her pregnancy and complaints, *see Roberts v. Glenn*

3

*Indus. Grp., Inc.*, 998 F.3d 111, 126 (4th Cir. 2021), but proximity of Turner's unapproved three-week absence undermines any plausible inference that she was fired for any reason other than her failure to show up for work, *see Sigley v. ND Fairmont LLC*, 129 F.4th 256, 260 n.1 (4th Cir. 2025). No reasonable factfinder could conclude that—months after filing complaints and months after giving birth—Turner was fired for those reasons rather than for skipping work three weeks in a row immediately before she was terminated.

We next turn to Turner's claim that Wal-Mart failed to reasonably accommodate her disability. Unfortunately for Turner, her claim is time barred. Under 42 U.S.C. § 2000e–5(e)(1), claims for failing to accommodate a disability must be filed "within one hundred and eighty days after the alleged unlawful employment practice occurred." Based on when Turner filed her EEOC complaint, the district court ruled that anything that occurred before August 24, 2019, was not actionable. Turner explicitly declined to challenge this ruling. Therefore it is a problem that in the relevant part of her argument section, Turner does not cite anything that happened on or after that date. All of the facts she cites to support her claim in that section happened in early 2019. So her claim fails because it is devoid of factual support.

We next turn to Turners' ADA and Title VII claims that she was subject to a hostile work environment. We first note that "Congress enacted the ADA *after*" Title VII and the two statutes have a "parallel nature"; thus "courts [ ] routinely use[] Title VII precedent in ADA cases." *Fox v. Gen. Motors Corp.*, 247 F.3d 169, 175–76 (4th Cir. 2001) (citations omitted). We'll do the same and assess the two claims together.

4

"To prevail on a hostile work environment claim, "a plaintiff must show that there is (1) unwelcome conduct; (2) that is based on the plaintiff's [protected characteristic]; (3) which is sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) which is imputable to the employer." *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 221 (4th Cir. 2016) (quotation marks and citation omitted).

Assuming that Turner satisfies the first, second, and fourth prongs, we find that she failed to satisfy the third. To satisfy prong three, Turner would need to show that Wal-Mart was "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (citation and quotation marks omitted). "Plaintiffs must clear a high bar in order to satisfy the severe or pervasive test." *Equal Emp. Opportunity Comm'n v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315 (4th Cir. 2008). To determine whether Turner has met this standard, we look to whether there is repeated conduct, how severe the conduct is, whether it is physically threatening or humiliating, whether it interfered with work performance, and whether the harasser was a co-worker or a supervisor. *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 277–78 (4th Cir. 2015) (en banc). But in so doing, we keep in mind that "[w]orkplaces are not always harmonious locales, and even incidents that would objectively give rise to bruised or wounded feelings will not on that account satisfy the severe or pervasive standard." *Sunbelt Rentals*, 521 F.3d at 315. "Rude treatment" and "callous behavior by one's superiors" is not enough." *Id.* at 315–16 (quotation omitted).

5

Here Turner has alleged but a few incidents. Isolated incidents of harassment are almost always insufficient. *See, e.g.*, *Boyer-Liberto*, 786 F.3d at 277; *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) ("[I]solated incidents, unless extremely serious, will not amount to discriminatory changes in the 'terms and conditions of employment.'" (cleaned up)). To be sure, if her allegations are true, Turner was treated poorly at times. But she has not, on our review of the record, alleged enough for a reasonable factfinder to conclude Wal-Mart was plagued with severe and pervasive hostility.

Finally, Turner alleges pregnancy discrimination under Title VII. We begin with a procedural matter. In response to her complaint, Wal-Mart moved to dismiss this count on summary judgment. Turner never responded. The district court held that this constituted waiver. That determination was incorrect: "Although the failure of a party to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the moving party must still show that the uncontroverted facts entitle the party to a judgment as a matter of law." *Custer v. Pan Am. Life Ins.*, 12 F.3d 410, 416 (4th Cir. 1993) (cleaned up).

Thus, we must ask whether Turner's complaint created a "genuine dispute[] of material fact." *Goodman v. Diggs*, 986 F.3d 493, 497–98 (4th Cir. 2021). But mere allegations in an unverified complaint do not constitute evidence for purposes of summary judgment. *See id.* at 498; *see also Guessous*, 828 F.3d at 215–16. In this case Turner's complaint was not verified, thus she failed to allege facts to support her claim in her complaint. On appeal, however, she argues that "because the prima facie elements" of her hostile-work-environment claims are "parallel" to her pregnancy-discrimination claim, we

6

should attribute her arguments against summary judgment with regards to the former claims to the latter claim. Op. Br. at 53. And because she alleged facts with regards to her hostile-work-environment claims, she argues that those facts create a genuine dispute of material fact as to her pregnancy-discrimination claim. But even if she is right, that means Turner's pregnancy-discrimination claim rises and falls with her hostile-work-environment claims; having found that those fall, so too does her pregnancy-discrimination claim.

*          *          *

Turner's claims suffer from legal defects. Several are either waived or time barred. Her retaliation claims fail because she cannot establish causality. Her hostile-work-environment claims (and thereby her pregnancy-discrimination claim) fail because she cannot establish pervasiveness. Thus, the district court must be

*AFFIRMED.*

7